IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN R. CUMMINS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:15CV00184 SWW |
| | * | |
| ARKANSAS STATE HIGHWAY & | * | |
| TRANSPORTATION DEPARTMENT, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## OPINION AND ORDER

Plaintiff Karen R. Cummins ("Cummins") brings this employment discrimination action against her former employer, the Arkansas State Highway and Transportation Department ("AHTD").  Plaintiff Cummins charges that the AHTD discriminated against her on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1983; and the Fourteenth Amendment to the United States Constitution.  Now before the Court is the AHTD's motion for summary judgment, Cummins's response in opposition, and the AHTD's reply.  After careful consideration, and for the reasons that follow, the Court finds the AHTD's motion should be granted.

I.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary

judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his peading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id.* at 587 (quoting Fed.R.Civ.P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBA Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

The following facts are undisputed.[1]  Plaintiff Cummins began working for the AHTD on September 20, 2001.  On May 16, 2003, Cummins received a five-day leave without pay for failure to report to job site as shown on payroll, falsifying department records, dereliction of duty, and non-compliance with policy.  According to AHTD exhibits, on January 7, 2009, Cummins received a two-day leave without pay for using unauthorized leave without pay, habitual tardiness, misuse of AHTD time and equipment.[2]  On October 10, 2011, Cummins received a written warning discipline for lack of regard for and continued non-compliance with policy, misuse of AHTD time and equipment, not following the proper procedure for travel approval, and not reporting accurate information on a travel log form.  She was informed then

---

[1]The undisputed facts are taken from Defendant's Statement of Undisputed Facts [ECF No.21] and plaintiff's Response to Defendant's Statement of Undisputed Facts [ECF No. 26] unless otherwise noted.

[2]Def's. Mot. Summ. J., Ex. 1-B.

that failure to comply with policy, procedure or directives would result in further disciplinary action, up to and including termination.

During the relevant time period, Cummins was working as a Realty Appraiser III in the Appraisal Section of the Right of Way Division.  At the time of her termination, Cummins reported directly to Section Head of Appraisals Steven Means ("Means") who reported to Assistant Division Head of Right of Way James Braden ("Braden") who reported to Division Head of Right of Way Perry Johnston ("Johnston").  Johnston reported to Assistant Chief Engineer Mike Fugett ("Fugett").  On April 10, 2014, Braden and Means interviewed Cummins for vacant Reviewing Appraiser positions.  They scored interviewees based on points awarded for answers during interviews to pre-prepared questions.  They awarded Cummins points for purportedly possessing an active appraisal licensing with the Arkansas Appraiser Licensing and Certification Board ("AALCB"), for being a member of the International Right of Way Association ("IRWA"), a professional appraiser society, and for being approximately 20 hours away from obtaining a college degree with a double major.  After completing the interviews, Braden and Means sought to confirm whether the applicants were in fact members of a professional society or had an active appraisal licensing.  Mr. Braden looked on the IRWA website showing a list of active members and did not find Cummins' name.  He contacted the local chapter education chairman who confirmed that there was no record of Cummins in the local records or on the website.

Mr. Means checked with the AALCB to confirm that all candidates who claimed they held any active appraisal licensing did, in fact, have appraisal licensing.  He emailed the AALCB, asking whether Cummins was registered with the AALCB at any level, stating he had

been unable to find her on the appraiser roster.  The AALCB confirmed that Cummins'

registration had expired on December 31, 2013.  In a memo dated April 25, 2014, Braden and

Means analyzed the various applicants and explained why the successful applicants were chosen.

Plaintiff Cummins was the lowest ranked candidate, and she was not selected for either of the

two positions.  She agrees that the two most qualified applicants were chosen.

On May 7, 2014, the education chairman of the IRWA e-mailed Braden informing him

that the IRWA headquarters had advised him that Cummins was a non-member and had "never

actually joined the association."  Mr. Braden provided this information to Hickman and Johnston

by email.  On May 7, 2014, Johnston, Braden, Means, and Hickman met with Cummins

regarding her interview responses.  Ms. Hickman says Cummins would not give a yes or no

answer to their question of whether she had a state registration with the AALCB.  Instead,

according to Hickman, Cummins said she thought she was registered and told a story about how

she received a notice of renewal from the AALCB, recited the renewal process, and the

expiration date of December 31, 2013, for her registration.  Plaintiff Cummins denied she ever

said her registration card had an expiration date of December 31, 2013.  Ms.  Hickman also

asked Cummins about her membership in the IRWA.  Because Cummins had not paid any

membership dues, Hickman did not accept that Cummins was an IRWA member.  Plaintiff

Cummins says she explained that there are organizations in which one can be a member without

paying dues.

Plaintiff Cummins was given until May 8, 2014, to produce any information that would

substantiate her assertions that she had an AALCB registration, was a member of the IRWA, and

was about 20 hours away from completing a college degree at Arkansas Tech with a double

major in business administration and marketing. She was asked to provide any documentation

pertaining to her registration with the AALCB and IRWA membership as well as her college

transcript.

On May 8, Cummins submitted a college transcript which indicated she had completed

76 hours of college credit, which was 50 hours short of the number of hours needed to complete

a college degree. She presented a copy of a letter from AALCB dated June 27, 2013. The letter

indicated that a peel-off plastic membership card had been attached to the original letter, and the

copy of the letter showed a membership card that had a blank in the space above the words

"Expiration Date." In the body of the letter, the AALCB stated the card had June 14, 2014,

expiration date.

Messrs. Means and Braden attempted to verify the document Cummins provided on May

8, 2014, relating to the AALCB. Mr. Braden emailed the AALCB, attached the June 27, 2013

letter and the card that had a blank where the expiration date should have been listed which had

been provided by Cummins to the AHTD. On May 9, 2014, Means emailed the AALCB and

forwarded Braden's unanswered e-mail. Mr. Means noted that Cummins provided a copy of the

card, not the original. He asked whether there was any reason why the card would not have had

an expiration date on it and whether there was anything on the documents that the AALCB could

not explain.

On May 9, 2014, the AALCB provided to Means a copy of the documents it says it sent

to Cummins. One was a formal letter dated June 27, 2013, which stated that Cummins met the

requirements for state registration, that the registration was valid through her expiration date of

December 31, 2013, and that an identifying pocket card was enclosed.[3]  The other was a document entitled "Licensed and Certified Appraiser Renewal Receipt & Identification Card" dated June 27, 2013.  In the body of the document it says: "Attached is a new identification card with a *June 30, 2014 expiration date*."  At the bottom of the document is an identification card that shows an expiration date of December 31, 2013.  The AALCB acknowledged in a email dated May 9, 2014, that the document that included the card had an incorrect date but said the card and the formal letter had the correct expiration date of December 31, 2013.[4]  00061.

Mr. Means provided the information to Braden and Johnston who then informed Hickman that the AALCB had verified which documents were sent to Cummins.  On May 9, 2014, Johnston placed Cummins on administrative leave for providing false information concerning her credentials.  Ms. Hickman and Johnston determined that Cummins had been untruthful in her interview questions about her college credits, her current registration with the state licensing board, and her membership in the IRWA.  They also found that when she was questioned about those assertions, Cummins removed the expiration date from the registration card.  They believe this happened because there were blacks specks on the line where the expiration date should have been on the copy of the card Cummins provided them and because the documents provided by the AALCB to the AHTD, including a copy of the card that AALCB had actually mailed to Cummins, had an expiration date of December 31, 2013.  They also determined that Cummins needed many more than the 20 plus hours she said she needed to complete her college degree.

---

[3]Def's. Mot. Summ. J., Ex. 6E at 66.

[4]*Id.*, Ex. 6F.

Ms. Hickman and Johnston recommended that Cummins be terminated.  Mr. Fugett, who

actually examined the copy of the card Cummins provided, and Deputy Director and Chief

Engineer Ralph Hall concurred in the decision to terminate Cummins.  Director Scott Bennett

approved the recommendation to terminate Cummins.  In a letter dated May 19, 2014, Hickman

advised Cummins that her employment was terminated effective May 9, 2014, for "misconduct,

specifically dishonestly in providing false information during an interview for a promotion.  The

true information was verified via the Arkansas Appraisal Licensing Board, the IRWA, and

through transcripts from Arkansas Tech University."  The letter further stated that when

Cummins provided documentation supporting her responses during the interview, she "further

falsified information by providing a copy of [her] registration card with the true expiration date

of December 31, 2013 removed with correction fluid in an effort to deceive [her] employer into

thinking the expiration date wasn't until June 30, 2014, The original card information was

verified through the Arkansas Appraisal Licensing Board."

Plaintiff Cummins appealed the termination decision by filing a grievance on June 5,

2014, claiming there were males who committed acts of dishonesty but were not terminated.  On

June 9, 2014, Hickman informed EEO/DEB Section Head Joanna McFadden, that Cummins

mentioned discriminatory treatment in her grievance and asked that EEO conduct a review.  Ms.

Cummins says she did not want to go through a review because it would be a waste of time.  She

also had retained counsel and, according to Cummins, McFadden told her there would be no

hearing.  Ms. McFadden sent Cummins a letter dated June 24, 2014, informing her that the

review did not reveal discriminatory treatment.

After Cummins refused to cooperate with McFadden, Hickman sent Cummins a letter

informing her that she could proceed with her grievance but without the discrimination

allegations because AHTD EEO had to investigate those. Plaintiff Cummins did not file another

grievance. She filed a Charge of Discrimination with the EEO on September 10, 2014, asserting

sex discrimination. The EEOC sent Cummins a notice-of-right-to-sue letter dated December 31,

2014, and Cummins filed a complaint in this Court on April 1, 2015.

Defendant argues it is entitled to summary judgment because Cummins cannot establish a

*prima facie* case of sex discrimination because she cannot show that similarly situated males

were disciplined less severely. Even if she could establish a *prima facie* case of discrimination,

ATHD argues it has articulated a legitimate, non-discriminatory reason for its actions. Plaintiff

Cummins argues there are genuine issues of fact in dispute that make the granting of summary

judgment inappropriate.

III.

To establish her Title VII discrimination claim based on disparate treatment, Cummins

must show, with circumstantial or direct evidence, that the complained-of conduct was motivated

by gender discrimination. Because Cummins presents no evidence that directly points to the

presence of a discriminatory motive, the Court analyzes her discriminatory treatment claim under

the three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411

U.S. 792 (1972).[5]

Under the *McDonnell Douglas* analysis, Cummins bears the burden of establishing a

*prima facie* case of discrimination. *McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir.

---

[5]In the employment discrimination context, the elements of Title VII and § 1983 equal protection claims are the same. *Humphries v. Pulaski Cnty. Special Sch. Dist.*, 580 F.3d 688, 692 n.3 (8th Cir. 2009).

8

2007).  To make a *prima facie* case, Cummins must show that: (1) she is a member of the

protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered

an adverse employment action; and (4) similarly-situated employees outside of the protected

class were treated differently.  *Jackson v. United Parcel Serv., Inc.*, 548 F.3d 1137, 1140 (8th

Cir. 2008).

If Cummins makes a *prima facie* case, she "creates a presumption of unlawful

discrimination, rebuttable through the showing of a legitimate nondiscriminatory reason for the

action."  *Tyler v. Univ. of Ark. Bd. of Tr.*, 628 F.3d 980, 990 (8th Cir. 2011).  AHTD's burden to

articulate a legitimate, nondiscriminatory reason for the challenged action "is not onerous."

*Bone v.G4S Youth Servs., LLC,*, 686 F.3d 948, 954 (8th Cir. 2012).  Once AHTD provides a

nondiscriminatory, legitimate reason, "the presumption of discrimination disappears, requiring

the plaintiff to prove that the proffered justification is merely a pretext for discrimination."

*Twiggs v. Selig*, 679 F.3d 990, 993 (8th Cir. 2012)(internal citation and quotation omitted).  The

burden of persuading the trier of fact that an employer intentionally discriminated against the

plaintiff always remains with the plaintiff.  *Texas Dept. of Community Affairs v. Burdine*, 450

U.S. 248, 252-55 (1981).

AHTD contends that Cummins cannot establish the fourth prong of the *prima facie* case,

that similarly situated males were treated differently.  "In attempting to present facts that would

support such an inference, the test for whether employees are similarly situated is strict; the

employees must be 'similarly situated in all material respects.'"  *Smith v. URS Corp.*, 803 F.3d

964, 970 (8th Cir. 2015) (internal citations and quotation omitted).  AHTD asserts the alleged

comparators did not engage in same conduct or have the same decision-makers as Cummins.[6]

Even assuming Cummins could establish a *prima facie* case, the AHTD articulated a legitimate, nondiscriminatory reason for terminating her.  AHTD explains that it discharged Cummins because those involved in the investigation and review of the investigation believed she was not truthful in the statements made during her interview and that she removed the expiration date from her state-issued licensing card.

In order to overcome the motion for summary judgment, Cummins must (1) discredit AHTD's asserted reason for her termination and (2) show that the circumstances permit a reasonable inference that gender was the real reason behind the adverse action.  *Johnson v. AT&T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005).  In addition to denying that she altered her licensing card and was untruthful in her responses to the interview questions about licensing, professional membership, and college credit hours, Cummins asserts that similarly-situated males were not terminated.

The only alleged comparator for which Cummins has submitted admissible evidence is a male employee, Dwayne Stucks.  She states he submitted false documents regarding an appraisal he performed.  His appraisal of a certain piece of property indicated that a swimming pool was on the property when in fact there was no pool.  There was a tarp on the ground on the backyard that Stucks did not raise to confirm there was a pool underneath it.  The property had a pool at one time, and a pool was listed on the tax card.  During his inspection of the property, in

---

[6]In her response to AHTD's motion for summary judgment, Cummins presented evidence about a number of employees whom she alleged were similarly situated but not terminated for their misconduct. On motion of AHTD, the Court struck the evidence as inadmissible.  Even if the evidence had not been struck, there is no substantial evidence that the alleged comparators's infractions were similar to Cummin's conduct or that they had the same decision-makers.

response to Stucks's question to a family member about whether they had a pool, she answered that they "had" a pool.  Plaintiff Cummins also said Stucks falsely stated the square footage of the property.

Messrs. Means and Braden believed Stucks made the mistake because there was a tarp on the ground, there was an aerial photo showing standing water in the backyard that could have been a pool, the comment about a pool by a family member, snowy and icy conditions at the time of the appraisal, and personal issues Stucks had involving a family member who had recently passed away.  According to AHTD, Stucks owned up to his mistake and admitted right away that he did not lift up what appeared to be a pool tarp and was not untruthful about his mistake.  In deciding what action to take, AHTD also considered mitigating circumstances such as Stucks's good record as an appraiser, this being his first major mistake, and his contrite attitude when he realized his mistake.  Messrs. Johnston, Braden, and Means believed Stucks's assumption about the pool was a mistake and was unintentional. As to the square footage question, Means said square footage calculations of property can vary for a number of reasons and such variations happen quite often.

In contrast, Cummins's decision makers believed that she was intentionally untruthful during her interview for a promotion and that she falsified a document after she was questioned about her interview answers.  Her decision makers viewed her actions as motivated by personal gain because the position for which she was applying would have been a promotion and have paid more.  Mr. Stucks's mistake, on the other hand, resulted in no personal gain to him. Further, Braden and Means, who made the decision to give Stucks a verbal warning, were not involved in the decision to terminate Cummins.  Four of the individuals involved in the decision

to terminate Cummins - Hickman, Fugett, Hall,  and Bennett - were unaware of the allegations
and disciplinary decision regarding Stucks.

Plaintiff Cummins "has the burden of demonstrating that there were individuals similarly
situated in all relevant aspects to her by a preponderance of the evidence.  Specifically, the
individuals used for comparison must have dealt with the same supervisor, have been subject to
the same standards, and engaged in the same conduct without any mitigating or distinguishing
circumstances." *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000) (internal citation omitted).
The Court finds that Cummins cannot establish that Stucks engaged in the same conduct as
Cummins or that the decision makers for her and Stucks were the same.

Nonetheless, whether Stucks is a proper comparator or not, the Court finds Cummins
failed to produce evidence sufficient to create a genuine issue of material fact regarding whether
AHTD's explanation for its decision is mere pretext for intentional discrimination.  She "must do
more than simply create a factual dispute as to the issue of pretext; [s]he must offer sufficient
evidence for a reasonable trier of fact to infer discrimination." *Wilking v. County of Ramsey*, 153
F.3d 869, 874 (8th Cir. 1998)(internal citation and quotation omitted).  The individuals involved
in the decision to terminate Cummins all believed that she had intentionally provided false
information to the AHTD and that she removed the date from her licensure card.

The courts do not "sit as super-personnel departments reviewing the wisdom or fairness
of the business judgments made by employers, except to the extent that those judgments involve
intentional discrimination." *Huton v. McDonnell Douglas Corp.*, 63 F.3d 771, 781 (8th Cir.
1995).  "[W]hen an employer articulates a reason for discharging the plaintiff not forbidden by
law, it is not our province to decide whether that reason was wise, fair, or even correct,

ultimately, so long as it truly was the reason for the plaintiff's termination." *Id* at 873 (internal

quotation and citation omitted).    The Court finds the AHTD has given a non-discrimnatory,

legitimate justification for its conduct.  Plaintiff Cummins fails to present sufficient evidence

from which a jury could conclude that she was terminated because of her gender.

III.

For the reasons stated, the Court finds that Cummins has failed to come forward with

specific facts showing a genuine issue for trial and that AHTD's motion for summary judgment

(ECF No. 18) should be and it is hereby granted.  Pursuant to the judgment entered together with

this order, this action is dismissed with prejudice.

IT IS SO ORDERED this 7th day of September, 2016.


                                        /s/Susan Webber Wright

                                        UNITED STATES DISTRICT JUDGE